UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GILDA E. RIVERO,

      Plaintiff,

v.                                    Case No:  2:16-cv-845-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

---

## OPINION AND ORDER

Plaintiff Gilda E. Rivero seeks judicial review of the denial of her claims for a

period of disability and disability insurance benefits ("DIB") and supplemental

security income ("SSI") by the Commissioner of the Social Security Administration

("Commissioner").   The Court has reviewed the record, the briefs and the applicable

law.   For the reasons discussed herein, the decision of the Commissioner is

**AFFIRMED**.[1]

### I.     Issue on Appeal[2]

Plaintiff raises three issues on appeal:[3] (1) whether the Administrative Law

Judge ("ALJ") properly found Plaintiff's mental impairments do not meet listings; (2)

---

[1] Both parties have consented to the jurisdiction of the United States Magistrate
Judge.   Docs. 17, 18.

[2] Any issue not raised by Plaintiff on appeal is deemed to be waived.   *Access Now,
Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or
argument that has not been briefed before the court is deemed abandoned and its merits will
not be addressed.").

[3] For clarity and judicial efficiency, the Court will discuss Plaintiff's issues in a
different order than presented in her brief.

whether the ALJ properly assessed Plaintiff's residual functional capacity ("RFC");

and (3) whether substantial evidence supports the ALJ's findings at step five.

## II.     Summary of the ALJ's Decision

Plaintiff filed her applications for DIB on May 10, 2012 and SSI on May 18,

2012, alleging her disability began November 12, 2010[4] due to her generalized

anxiety disorder, hypoglycemia, panic attacks, constant worry, depression, constant

crying and lack of concentration.   Tr. 84, 95, 216-31.   On April 13, 2015, the ALJ

issued a decision finding Plaintiff not disabled from November 12, 2011 through the

date of the decision.   Tr. 13-29.   At step two of the sequential process,[5] the ALJ

found Plaintiff had several impairments.   Tr. 15.   At step three, the ALJ found

Plaintiff did not have an impairment or combination of impairments that met or

medically equaled a listing.   Tr. 16.   Prior to step four, the ALJ then determined

Plaintiff had the RFC to perform a range of medium work[6] with limitations:

> [Plaintiff] can lift, carry, push, and pull 50 pounds occasionally and 25
> pounds frequently. [Plaintiff] can sit, stand and walk each 6 hours of 8-
> hour workday. [Plaintiff's] work is limited to simple, routine, and
> repetitive tasks, with "simple" defined as unskilled tasks. [Plaintiff] is
> limited to work with no interaction with the public and is limited to work
> that allows the individual to be off task five percent of the workday in
> addition to regularly scheduled breaks.

---

[4]  Plaintiff amended her onset date to November 12, 2011.   Tr. 247.

[5]  The sequential evaluation process is described in the ALJ's decision.   Tr. 14-15.

[6]  The regulations define medium work as work that involves:

lifting no more than 50 pounds at a time with frequent lifting or carrying of
objects weighing up to 25 pounds. If someone can do medium work, we
determine that he or she can also do sedentary and light work.

20 C.F.R. §§ 404.1567(c), 416.967(c).

Tr. 20. Next, at step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 26. Relying on the testimony of the vocational expert ("VE"), the ALJ determined there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 27-28. As a result, she found Plaintiff was not disabled. Tr. 28.

### III.    Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).[7] Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted).

The Eleventh Circuit has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings."

---

[7] After the ALJ issued the decision, certain Social Security rulings and regulations were amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c and 404.1527 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (March 16, 2016). The Court will apply rules and regulations in effect at the time of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r*, 874 F.3d 1284, 1290 (11th Cir. 2017); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply.").

*Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citation omitted). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact or found that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991); *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

IV.    Discussion

    A. *Whether the ALJ properly found Plaintiff's mental impairments not meet listings*

The ALJ found Plaintiff's major depressive disorder, depressive order not otherwise specified ("NOS"), bipolar disorder, mood disorder NOS, generalized anxiety disorder, panic disorders with or without acrophobia, alcohol dependence and poly-substance abuse disorder are severe impairments. Tr. 15. Next, the ALJ considered whether Plaintiff's mental impairments meet any listings and decided they do not. Tr. 17-19. In support, the ALJ considered four broad functional areas known as the "paragraph B" criteria.[8] Tr. 19. The ALJ determined Plaintiff has

---

[8] 20 C.F.R. Pt. 404, Subpt. P, App. 1.

mild limitations in activities of daily living and moderate limitations in social functioning and concentration, persistence or pace, and has experienced no episodes of decompensation of an extended duration. *Id.* Thus, the ALJ concluded Plaintiff's mental impairments do not satisfy the paragraph B criteria and:

> The mental [RFC] assessment . . . requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p). Therefore, the following [RFC] assessment reflects the degree of limitation [the ALJ] found in the "paragraph B" mental function analysis.

*Id.*

In assessing Plaintiff's RFC, the ALJ further considered various assessments of Plaintiff's mental RFC, including those of the state agency's psychologists, Michelle Butler, Psy.D and James L. Meyers, Psy.D. Tr. 25-26, 99-103, 114-18. The ALJ discussed:

> The state agency's psychological assessors, Michelle Butler, Psy.D and James L. Meyers, Psy.D., after reviewing [Plaintiff's] record, concluded that [Plaintiff] has mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace, and no episodes of decompensation, each of extended duration. They also opined [Plaintiff] can understand, retain, and carry out simple instructions. [Plaintiff] can consistently and usefully perform routine tasks on a sustained basis, with minimal (normal) supervision, and can cooperate effectively with public and coworkers in completing simple tasks and transactions. [Plaintiff] can adjust to the mental demands of most new task settings (Exhibits 1A, 2A, 5A, 6A). Partial weight is given to these opinions as they are only partially supported by the evidence and they did not have the benefit of reviewing all of the evidence which establishes that [Plaintiff] is more limited than originally opined.

Tr. 25-26.

Based on the assessments of Drs. Butler and Meyers, Plaintiff argues the ALJ should have found that she has marked limitations in concentration, persistence and pace and social functioning. Doc. 23 at 16-18. Plaintiff asserts these findings would have led to the ALJ's determination that her anxiety disorder meets Listing 12.06. *Id.* The Commissioner responds the assessments of Drs. Butler and Meyers do not support Plaintiff's arguments, and substantial evidence supports the ALJ's evaluation of Plaintiff's mental impairments. Doc. 27 at 22-26.

A claimant's mental impairment satisfies Listing 12.06 if the requirements in both paragraphs A and B or in both paragraphs A and C are satisfied. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06. Paragraph A contains the types of symptoms a claimant must show. *Id.*, § 12.06A. Paragraph B requires a claimant to demonstrate at least two of the following:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration;

*Id.* § 12.06B. The burden of establishing that a claimant's impairments meet or equal a listing rests with the claimant, who must produce specific medical findings that satisfy all the criteria of a particular listing. 20 C.F.R. § 404.1520(a)(4). If a plaintiff contends that an impairment meets a listing, as she does here, she bears the burden of "present[ing] specific medical findings that meet the various tests listed under the description of the applicable impairment." *Wilkinson ex rel. Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987).

Here, Plaintiff does not meet her burden to present appropriate medical evidence. *See id.*; 20 C.F.R. § 404.1520(a)(4). She relies on the assessments of Drs. Butler and Meyers to argue her mental impairments satisfy the paragraph B criteria. Doc. 23 at 17-18. In contrast, the doctors did not find Plaintiff's mental impairments satisfy the paragraph B criteria or meet any listings. Tr. 99-100, 114-15. As the ALJ correctly noted, Drs. Butler and Meyers found Plaintiff has mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace and no repeated episodes of decompensation, each of extended duration. Tr. 25, 100, 115. Thus, the doctors concluded Plaintiff's mental impairments do not satisfy the paragraph B criteria or meet any listings consistent with the ALJ's findings. Tr. 19, 99-100, 114-15. Plaintiff also presents the general history of her absences from work, but does not submit any medical findings establishing a medical necessity for this pattern of absences. Doc. 23 at 18; *see Wilkinson*, 847 F.2d at 662.

Next, Plaintiff claims the ALJ erred by finding her severe anxiety disorder and panic disorder with acrophobia do not meet the paragraph A criteria because she lacks an ability to appropriately deal with public. Doc. 23 at 18-19. The Commissioner responds substantial evidence supports the ALJ's findings. Doc. 27 at 22-26.

As the ALJ correctly discussed, paragraph A requires medical documents demonstrating certain symptoms or signs. Tr. 18; 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06A. To rebut the ALJ's findings, Plaintiff presents the opinions of Maribel

Aguilera, M.D., dated January 16, 2013 and Wayne Meddock, LMHC, a clinical

director at SalusCare, Inc. Doc. 23 at 19; Tr. 621-26, 804-11. The ALJ already

discussed and analyzed these opinions:

> With respect to [Plaintiff's] mental impairments, when considered
> singly or in combination, they do not meet both the "A" and either "B" or
> "C" criteria of Listing 12.04 (affective disorders), or Listing 12.06
> (anxiety disorders). Dr. Maribel Aguilera completed a form for Listing
> 12.04, Affective Disorders, on January 16, 2013, and opined [Plaintiff]
> met the requirements of the listing because she had symptoms of
> anhedonia or pervasive loss of interest in almost all activities; sleep
> disturbance; decreased energy and difficulty with concentration or
> thinking. She opined [Plaintiff] satisfied paragraph B of the listing due
> to marked difficulties in activities of daily living, and marked difficulties
> concentration, persistence and pace (Exhibit 10F, pgs. 2-3).
>
> On November 20, 2014, Wayne D. Meddock, SMHC, Clinical Director at
> SalusCare, Inc. completed a Listing 12.06 form for Anxiety Related
> Disorders and opined [Plaintiff] had recurrent severe panic attacks
> manifested by a sudden unpredictable onset of intense apprehension,
> fear, terror, and sense of impending doom occurring on the average of at
> least once a week, resulting in marked difficulties in maintaining social
> functioning and marked difficulties in maintaining concentration,
> persistence or pace (Exhibit 18 F, pgs. 2-3).
>
> I give little weight to the opinions from either provider. . . . Dr. Aguilera's
> finding of marked difficulties in activities of daily living and marked
> difficulties concentration, persistence and pace is inconsistent with her
> treatment notes finding the claimant oriented times 3 at every visit with
> organized thought content, as well as finding her psychiatrically stable
> (Exhibit 6F). Regarding [Plaintiff's] anxiety, her flare-ups centered
> around major life events, such as her miscarriage or death of her mother,
> rather than an everyday occurrences (Exhibit 6A). [Plaintiff's] panic
> attacks are all self-reported. Furthermore, as noted within the
> regulations in 20 CFR § 404.1513 (a) and§ 404.152, I give very little
> weight to Mr. Meddock's opinions on the Listing Assessments as he is
> not a qualified medical source but rather, he is a Clinical Director, did
> not treat her, and noted on his assessment that [Plaintiff's] treating
> physician, Dr. Henriquez, "is on Holiday Leave until 11/26/14."

Tr. 17-18.

The ALJ properly accorded little weight to Dr. Aguilera's assessment because her opinion was inconsistent with her own treatment notes. *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1179 (11th Cir. 2011) (finding good cause to discount the weight accorded to a treating physician's opinion if the opinion is inconsistent with the doctor's own medical records). The ALJ also correctly gave little weight to Mr. Meddock's assessment because, as a mental health counselor, he is not a licensed physician or psychologist and thus is not an acceptable medical source under the regulations. *Farnsworth v. Soc. Sec. Admin.,* 636 F. App'x 776, 783-84 (11th Cir. 2016) (citing 20 C.F.R. §§ 404.1513(a), 416.913(a)) ("While the ALJ was required to consider the opinions of . . . other medical sources, the ALJ was not required to give their opinions controlling weight over the opinions of acceptable medical sources."). After evaluating appropriate evidence on the record, the ALJ assessed Plaintiff's anxiety disorder does not satisfy the requirements of paragraphs A and B and properly found Plaintiff's anxiety disorder does not meet Listing 12.06. Tr. 17-19. Thus, the Court finds substantial evidence supports the ALJ's findings, and Plaintiff does not present sufficient medical evidence to rebut the ALJ's findings.

In addition, Plaintiff argues the ALJ should have accounted for all of the mental RFC limitations opined by Drs. Butler and Meyers in posing her hypothetical question to the VE. Doc. 23 at 20. Here, the Court determined the ALJ properly discussed and analyzed the opinions of Drs. Butler and Meyers. Tr. 25-26. Based on her assessment of various medical evidence, the ALJ did not incorporate all of the limitations opined by the two doctors into her RFC findings. Tr. 20-26. While an

ALJ's hypothetical question must take into account all of a claimant's impairments, *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002), the question need not include impairments that the ALJ has properly determined to be unsupported by the evidence in the record. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Accordingly, the Court finds the ALJ did not err by posing a hypothetical question to the VE that excluded certain RFC limitations opined by Drs. Butler and Meyers.

### B. Whether the ALJ properly assessed Plaintiff's RFC

The ALJ found Plaintiff has the RFC to perform a range of medium work with certain limitations, including that "[Plaintiff] is limited to . . . work that allows the individual to be off task five percent of the workday in addition to regularly scheduled breaks." Tr. 20. The ALJ noted, "[d]ue to difficulties with concentration, persistence or pace, [Plaintiff] is limited to simple, routine, and repetitive task[s] and to work that allows the individual to be off task five percent of the workday." Tr. 26. During the hearing before the ALJ, the ALJ posed the following hypothetical to the VE:

> If there was a hypothetical person who had a vocational profile of being a younger person with a limited education, and this same past relevant work experience you've described for [Plaintiff]. And the person had a [RFC] that they could perform work at all exertion levels, but they would have other limitations in a work environment, such that they need work limited to simple, routine and repetitive tasks. With that term simple, defined as unskilled tasks. It would need work that *allow them to be off-task five percent of the work day in addition to regularly scheduled breaks*. It would need work with no interaction with the public. And they would be limited to work it would *allow on average for one absence per month, with an absence defined as failing to appear for a scheduled shift*, tardy for a scheduled work shift, or going home early from a scheduled

work shift. Could that person do any of [Plaintiff's] past work within this hypothetical?

Tr. 76 (emphasis added). The VE answered the hypothetical person would not be able to perform any past relevant work, but identified four jobs this person could perform. Tr. 76-78. The ALJ further limited her hypothetical question to a range of medium exertional work, lifting, carrying, push and pulling 50 pounds occasionally and 25 pounds frequently and sitting, standing and walking each six hours out of an eight-work work day. Tr. 78. The VE's answer did not change. Tr. 78-79. The ALJ additionally asked:

> ALJ: And in any of those hypotheticals that I gave to you, if eliminated that portion of any of those hypotheticals where I said the person was limited to work that would allow on average one absence per month. With the absence defined as failing to appear for a scheduled shift, tardy for a scheduled shift or going home early from a scheduled work shift. That wouldn't change your answers in any way, would it?
>
> VE: No, it would not, your honor.

Tr. 81.

Plaintiff argues her past medical records show her frequent absences from work to attend medical appointments, demonstrating her need to be absent from work at least two and one half days per month in addition to being off task for five percent of the work day. Doc. 23 at 13. Thus, Plaintiff asserts she could not perform the jobs identified by the VE. *Id.* She also claims the ALJ's finding that she needs to be off task for five percent of the work day is arbitrary, and substantial evidence does not support this finding. *Id.* at 14-16. The Commissioner responds Plaintiff's argument erroneously assumes that being absent from work is equivalent to being

off-task, and her alleged need to be absent from work at least two and one half days per month is speculation.   Doc. 27 at 14-19.

The Court finds the ALJ properly limited Plaintiff's RFC to being off task five percent of the workday in addition to regularly scheduled breaks.   Tr. 20.   The ALJ has the responsibility of assessing a claimant's RFC at the hearing level, and such "task of determining a claimant's RFC and ability to work is within the province of the ALJ, not of doctors." *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010). The ALJ supported her RFC findings by stating, "[d]ue to difficulties with concentration, persistence or pace, [Plaintiff] is limited to simple, routine, and repetitive task[s] and to work that allows the individual to be off task five percent of the workday."   Tr. 26.   As noted, the ALJ fully explained her findings of moderate limitations in concentration, persistence of pace and analyzed the relevant evidence. Tr. 17-19.

To rebut the ALJ's findings, Plaintiff merges two separate limitations of being off task and being absent from work and does not provide any controlling law or specific medical evidence supporting this argument or her need to be absent from work for more than two days per month.   Doc. 23 at 13-16.   Her argument is based on the analysis of her general medical history, but the ALJ extensively analyzed Plaintiff's medical evidence throughout her opinion.   *Id.*; Tr. 16-26.   The Court will not re-assess this medical evidence because "when there is credible evidence on both sides of an issue it is the Secretary, acting through the ALJ, and not the court, who is charged with the duty to weigh the evidence and to determine the case accordingly."

*Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984) (citing *Richardson*, 402 U.S. at 389-409). Thus, the Court will not overturn the ALJ's decision simply because, as Plaintiff argues, the medical evidence may support a finding contrary to the ALJ's finding. Doc. 23 at 13-14. *See Powers, 738 F.2d at 1152; Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 525 (11th Cir. 2015) (citing *Grant v. Richardson,* 445 F.2d 656 (5th Cir.1971)) ("It is 'solely the province of the Commissioner' to resolve conflicts in the evidence and assess the credibility of witnesses."). The Court finds the ALJ properly assessed Plaintiff's RFC, and substantial evidence supports the RFC findings.

### C. Whether substantial evidence supports the ALJ's findings at step five

The VE testified during the hearing that a hypothetical person with Plaintiff's RFC could perform four jobs: a marker, a router, a janitor and an assembler. Tr. 77-79. The VE further testified his opinion is consistent with the Dictionary of Occupational Titles ("DOT"), although the DOT does not address the limitations of being off-task and absent from work. Tr. 81. He stated his opinions regarding these limitations are based on his knowledge, education, training and experience. Tr. 81-82. The ALJ relied on the VE's testimony and found Plaintiff could perform the positions of marker, router, janitor and assembler. Tr. 28.

Plaintiff argues the ALJ erred by relying on the VE's testimony because although the VE's testimony varied from the DOT, the VE misinformed the ALJ that his testimony was consistent with the DOT. Doc. 23 at 21-23. The Commissioner

responds the ALJ properly relied on the VE's testimony.  Doc. 27 at 19-21.  The Court finds the ALJ properly relied on the VE's testimony.

Under SSR 00-4p, "[w]hen a VE . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT."   SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000).   If there is a conflict, the ALJ is to "obtain a reasonable explanation for the apparent conflict."   *Id.*   Here, the ALJ properly asked the VE about a possible conflict between his opinion and the DOT, and the VE responded his opinion was consistent with the DOT, except two aspects, and provided reasonable explanations for those exceptions.   Tr. 81-82; *see id.*

Even if any conflict exists between the VE's testimony and the DOT, the Eleventh Circuit has found "when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT."   *Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999).   Thus, the ALJ did not err when she exclusively relied on the VE's testimony without resolving a conflict, if any, between the VE's testimony and the DOT.   *See Miller v. Comm'r of Soc. Sec.*, 246 F. App'x 660, 662 (11th Cir. 2007) ("Even assuming that an inconsistency existed between the testimony of the [VE] and the DOT, the ALJ did not err when, without first resolving the alleged conflict, he relied on the testimony of the [VE]. Our precedent establishes that the testimony of a [VE] 'trumps' an inconsistent provision of the DOT in this Circuit."); *Jones v. Comm'r of Soc. Sec.*, 423 F. App'x 936, 939 (11th Cir. 2011) ("The ALJ was permitted to base his findings

about these three jobs exclusively on the VE's testimony, irrespective of any inconsistency with the DOT, and was not required to seek further explanation.").

Next, Plaintiff argues she could not perform the jobs identified by the ALJ, arguing the Social Security Administration ("SSA") determined she was limited to jobs with a SVP[9] of 1 and the opinions of the two doctors, Dr. Butler, and Frank Walker, M.D., support this finding. Doc. 23 at 23-24 (citing Tr. 106-07, 141, 148, 157-58). As the Commissioner argues, the cited transcript pages do not demonstrate the SSA's finding that Plaintiff is limited to jobs with a SVP of 1. Doc. 27 at 21, Tr. 106-07, 141, 148, 157-58. Furthermore, the assessment of vocational factors is a matter exclusively reserved for the Commissioner, and the ALJ need not give any special weight to the vocational opinions of doctors. SSR 96-6p, 1996 WL 374180 (July 2, 1996); 20 C.F.R. §§ 404.1527(d)(2)-(3). Instead, as noted, The ALJ "may rely solely on the VE's testimony" to support her findings, which she properly did here. *Jones*, 190 F.3d at 1230; Tr. 28. Thus, the Court finds substantial evidence supports the ALJ's findings at step five.

## V. Conclusion

Upon review of the record, the Court concludes that the ALJ applied the proper legal standards, and the ALJ's determination that Plaintiff was not disabled is supported by substantial evidence.

---

[9] "The DOT lists a specific vocational preparation (SVP) time for each described occupation. Using the skill level definitions in 20 CFR 404.1568 and 416.968, unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT." SSR 00–4p, 2000 WL 1898704 at *3 (Dec. 4, 2000).

ACCORDINGLY, it is hereby

**ORDERED:**

1.      The decision of the Commissioner is **AFFIRMED**.

2.      The Clerk of Court is directed to enter judgment pursuant to sentence

four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of March, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record